IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL SPERRY,　　　　　　　　　　　No. CIV S-11-1128-CMK-P

　　　　　Plaintiff,

　　　vs.　　　　　　　　　　　　　　ORDER

D. SWINGLE, et al.,

　　　　　Defendants.

_____/

　　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

　　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff identifies five medical providers as defendants to this action:  Dr. Swingle, Dr. Lewis, Dr. Lankford, Dr. Nepomuceno, and Physician Assistant (PA) Medina.  He alleges his Eighth Amendment rights have been violated by the intentional denial and delay in obtaining proper medical treatment for his broken wrist, including delay in providing the necessary surgery.  He states that he fell in August 2008, requested medical treatment for eighteen days before he was examined.  He was then sent to Reno, Nevada for x-rays, which revealed a fracture in his left wrist and was told it required surgery.  After numerous requests for surgery, he states he was seen by Dr. Lankford in November 2008.  He was next seen in March 2009, by PA Medina "who acknowledged that plaintiff's medical file was reviewed and considered, and a repeat x-ray was ordered as per Dr. Nepomuceno, the prison's chief physician and surgeon." (Complaint at 5).  However, plaintiff claims, no surgery was performed until August 2010, well after his transfer to Pleasant Valley State Prison in October 2009.[1]

---

[1] Plaintiff had filed another action in which his claims against other medical providers located at Pleasant Valley State Prison were addressed.  There appears to be some confusion as to the proper court to address his claims, so this complaint was originally filed in the Northern District of California, and transferred here.  This court is the proper venue in which to address any claims arising from plaintiff's time at High Desert State Prison.  Therefore, those claims are the ones addressed herein.  To the extent plaintiff references claims against defendants from Pleasant Valley State Prison, the court notes those claims have been addressed in case number 1:10cv0149, filed in the Fresno Division of this court.

Plaintiff's claims regarding his medical treatment appear to relate to time between his injury in 2008 and his surgery in 2010.  He appears to be claiming a violation of his Eighth Amendment rights based a delay of treatment.  However, he fails to allege who is responsible for the delay of treatment.  He also fails to allege sufficient facts as to how any of the named defendants violated his Eighth Amendment rights.

## II.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff fails to allege sufficient facts setting forth each defendants' role in delaying his medical treatment.  He alleges three defendants, Lankford, Nepomuceno, and Median, each provided him some level of treatment.  He states Dr. Lankford examined him in November 2008, PA Medina saw him in March 2009, and Dr. Nepomuceno ordered repeat x-rays.  Those are the only factual allegations in his complaint related to any specific defendant. No allegations are levied against Dr. Swingle or Dr. Lewis.  From the attachments to plaintiff's complaint it appears that Dr. Swingle responded to an inmate grievance appeal but was not a treating physician, and Dr. Lewis is the one who actually performed plaintiff's surgery.  There are no allegations in the complaint indicating who was responsible for the alleged delay in providing

the necessary treatment. Plaintiff therefore fails to allege an actual link between the actions of any of the defendants and his alleged constitutional violations. If plaintiff chooses to file an amended complaint, he must provide sufficient factual allegations that show how each named defendant is personally responsible for violating his constitutional rights.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the " unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

1 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
2 activities; and (3) whether the condition is chronic and accompanied by substantial pain. See
3 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

4       The requirement of deliberate indifference is less stringent in medical needs cases
5 than in other Eighth Amendment contexts because the responsibility to provide inmates with
6 medical care does not generally conflict with competing penological concerns. See McGuckin,
7 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to
8 decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
9 1989). The complete denial of medical attention may constitute deliberate indifference. See
10 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
11 treatment, or interference with medical treatment, may also constitute deliberate indifference.
12 See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also
13 demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

14       Negligence in diagnosing or treating a medical condition does not, however, give
15 rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a
16 difference of opinion between the prisoner and medical providers concerning the appropriate
17 course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,
18 90 F.3d 330, 332 (9th Cir. 1996).

19       Plaintiff's claim appears to be related to the amount of time that passed between
20 his injury and his surgery. Thus, a claim for delay in providing treatment. However, he fails to
21 allege who is responsible for the delay, how the delay led to further injury, and that any of the
22 defendants acted with the requisite intent to cause plaintiff harm. His complaint is therefore
23 insufficient to state a claim for deliberate indifference.

24       Finally, plaintiff names the prison's chief physician as a defendant. There is no
25 indication that Dr. Swingle was one of the individuals directly responsible for plaintiff's
26 treatment. Supervisory personnel are generally not liable under § 1983 for the actions of their

employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

Therefore, in order to state a claim against Dr. Swingle, or any other supervisory defendant, plaintiff must allege some direct link between the defendant's personal action and plaintiff's alleged constitutional violation. A duty to properly supervise is insufficient. Similarly, to the extent that plaintiff's claims against Dr. Swingle arise solely from his review of plaintiff's 602 inmate grievance, such a claim is insufficient. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is

1  no right to any particular grievance process, it is impossible for due process to have been violated
2  by ignoring or failing to properly process grievances.  Numerous district courts in this circuit
3  have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999)
4  (finding that failure to properly process grievances did not violate any constitutional right); Cage
5  v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to
6  properly process and address grievances does not support constitutional claim); James v. U.S.
7  Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to
8  amend because failure to process a grievance did not implicate a protected liberty interest);
9  Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that
10 grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do,
11 however, retain a First Amendment right to petition the government through the prison grievance
12 process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with
13 the grievance process may, in certain circumstances, implicate the First Amendment.  Here,
14 however, there is no allegation as to a violation of the First Amendment.

### III.  CONCLUSION

16         Because it is possible that the deficiencies identified in this order may be cured by
17 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
18 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
19 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
20 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
21 amend, all claims alleged in the original complaint which are not alleged in the amended
22 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
23 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
24 plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
25 complete in itself without reference to any prior pleading.  See id.
26 / / /

1         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's complaint is dismissed with leave to amend; and

        2.     Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: November 2, 2011

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE