IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICKEAL[1] SPERRY,　　　　　　　　　　No. CIV S-11-1128-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　ORDER

D. SWINGLE, et al.,

　　　　Defendants.

_____/

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 16).

**I. BACKGROUND**

　　　　As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

---

[1] The court notes the spelling of plaintiff's first name is Mickeal, and apparently was misspelled in his original complaint. The Clerk of the Court shall update the spelling of plaintiff's name.

1

granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's original complaint was dismissed due to several deficiencies.  As the court addressed in it's prior order, in his original complaint plaintiff failed to allege sufficient facts setting forth each defendants' role in delaying his medical treatment.  He failed to allege who was responsible for the delay, how the delay led to further injury, and whether any of the defendants acted with the requisite intent to cause plaintiff harm.  In addition, plaintiff named the Chief Medical Officer, Dr. Swingle, without any allegations that he was personally involved with any of plaintiff's treatment or lack thereof.

Plaintiff was specifically directed that

> [i]f plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

(Order, Doc. 9 at 8).

/ / /

## II. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's amended complaint contains minimal factual allegations.  A majority of plaintiff's allegations are conclusory statements that the defendants are responsible for delaying his treatment and that he lives in constant pain.  Specifically, plaintiff alleges in the amended complaint[2]:

> On October 31, 2008, I fell and broke my left wrist.  After X-Rays were deemed positive for fracture of left wrist and dorsal displacement, my left wrist was splinted and a referral was done by Dr. Lankford.  I was told to return in 2-3 days so that the swelling could dissipate, so that my arm/wrist could be set and casted.  I was not seen again for 18 days, the entire time of which I was in excruciating pain, which caused me stress and loss of sleep.
> I was sent to a specialist in Reno, Nevada, for X-Rays and recommendations.  At that time the specialists stated that surgery was required due to the time that had elapsed without care.
> After numerous complaints to Medical, I was forced to use appellate system to seek relief in this matter.  My appeal was denied at all levels.
> In August 2010 a completely different surgery was done to relieve some pain and try to regain movement of fingers of left hand (noted Carpal Tunnel surgery).  Still, to this date, my wrist is not functioning correctly and I am suffering daily due to pain.  Furthermore, I have to struggle just to get through daily activities as I am disabled and have to use a walker to get around, which includes my using my hands and wrists.
> Dr. Lankford, PA-C Median, and Dr. Nepomuceno knowingly and willfully participated in care and lack of said care.  Paperwork shows orders for surgery and said referral to be lost.  Additionally, Dr. Lewis' recommendation for surgery that would relieve pain and help to regain motion in left fingers is an acknowledgment of existing problems, and a willingness to participate in gross negligence in order to cover up the existing problem without correcting it.
> Deliberate indifference, gross negligence, cruel and unusual punishment, and unnecessary and wanton infliction of pain is clear.  Any reasonable doctor would have acted differently in this matter.  Furthermore, to this day my condition impacts my daily activities, and I am in constant pain.

/ / /

/ / /

---

[2] This excerpt excludes the references to the exhibits attached to the amended complaint.

3

> Clearly my Eight Amendment rights have been violated because of the delaying of proper medical care. The responsibility for said delay clearly falls upon Dr. Lankford, MD; Median PA-C; Dr. Nepomuceno, MD, and Dr. Lewis, MD.

(Am. Compl., Doc. 16 at 1-2).

The court notes there are no allegations as to Dr. Swingle, which the undersigned interprets as a dismissal of this defendant based on the court's prior order. In addition, Dr. Lewis is not a defendant in this action.

### III.  DISCUSSION

Also as stated in the court's prior order, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

While still a bit unclear, it appears that plaintiff is claiming he did not receive timely treatment for his broken wrist, which then required additional surgery that was not provided, if at all, until after his transfer. However, as with his prior complaint, plaintiff still fails to allege adequate facts as to each defendants' role in his lack or delay of treatment. He further still fails to allege that the defendants acted with the requisite state of mind.

/ / /

1      Plaintiff was previously informed as to what was necessary to allege a claim of

2 deliberate indifference in his medical treatment.  The court informed plaintiff that:

> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.
>
> Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the " unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
>
> The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also

> constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.
>
> Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).3

(Order, Doc. 9 at 4-5).

As with his prior complaint, plaintiff fails to allege who is actually responsible for the delay he faced in obtaining his surgery. He states defendants Lankford, Medina and Nepomuceno "knowingly and willfully participated in care and lack of said care." He further states his referral for surgery was lost. He does not, however, state who lost the referral, whether it was done with the requisite state of mind, and what each of the defendants actually did or did not do, which would show them to be deliberately indifferent. Simply stating that the defendants were deliberately indifferent and that his Eighth Amendment rights have been violated because any reasonable doctor would have acted differently is conclusory and insufficient to state a claim.

As it appears that plaintiff did suffer from additional injury due to the delay, or failure to receive treatment, the court will allow plaintiff one additional attempt to state a claim. Plaintiff must heed the court's direction as to what is necessary to state a claim for deliberate indifference. Plaintiff must allege specific factual allegations against each of the defendants; simply referencing attachments or exhibits is insufficient. He must state what affirmative actions the defendants took, or failed to take, which deprived plaintiff of receiving the necessary medical care. He must also show that the defendants acted with a culpable mind. Negligence is insufficient to state a claim for an Eighth Amendment violation. So simply stating the referral for surgery was lost is insufficient. Plaintiff must be able to show that the defendants deliberately acted with the intent of delaying or denying plaintiff's surgery, and specify what actions each defendant took in order to do so.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

As he was previously informed, if plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in *specific terms* how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend; and
2. Plaintiff shall file a second amended complaint within 30 days of the date

7

1 | of service of this order.

3 | DATED: April 23, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE